IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES S. BEAN,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09-cv-00949 CW<br><br>Judge Clark Waddoups |

      This matter is before the court on a summary judgment motion filed by Defendant the United States of America. Plaintiff James S. Bean ("Bean") has not opposed the motion. Bean contends he suffered permanent and severe eye damage during a surgery at a Veterans Administration Hospital due to the negligence of hospital employees. Since filing his complaint, Bean has not conducted any fact discovery.[1] Likewise, he has not identified any expert witness nor provided any expert report to support that employees of the VA Hospital negligently performed two surgeries.

      Under Utah law,[2] to prove medical malpractice, a plaintiff must show "(1) the standard of care by which the doctor's conduct is to be measured, (2) breach of that standard by the doctor, and (3) injury proximately caused by the doctor's negligence."[3] Because of "the technical and complex

---

   [1] Memo in Supp. of Mot. for Sum. J., 2 (Dkt. No. 11).

   [2] Bean has filed suit under the Federal Tort Claims Act ("FTCA"). Under the FTC, liability is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because Utah is the location where the alleged negligence occurred, Utah law applies.

   [3] *Chadwick v. Nielsen*, 763 P.2d 817, 821 (Utah Ct. App. 1988) (citation omitted).

nature of a medical doctor's services, expert medical testimony must be presented at trial in order to establish the standard of care and proximate cause—except in unusual circumstances."[4] Such unusual circumstances occur only when "the question of propriety of treatment . . . is a matter of common knowledge of laymen or when a physician shows a gross neglect or want of care and skill such as leaving medical supplies in the incision of a patient."[5]

This case pertains to whether hospital employees committed medical malpractice during surgery to remove an epiretinal membrane and a subsequent surgery to reattach a retina. The propriety of such treatment is not within the common knowledge of laymen. Expert testimony is therefore needed to prove Bean's claim. Because Bean has not designated an expert, filed an expert report, nor come forward with evidence to show gross neglect or want of care, Bean cannot prevail on his claim at trial. The court therefore grants summary judgment in favor of the United States and dismisses this action.

## **CONCLUSION**

For the reasons stated above, the court GRANTS the United States Motion for Summary Judgment.[6]

---

[4] *Id.* (citations omitted); *see also Dalley v. Utah Valley Regional Med. Ctr.*, 791 P.2d 193, 195–96 (Utah 1990) (stating "[t]o establish the standard of care required of a physician in a particular field, breach of that standard, and proximate cause, the plaintiff is generally required to produce an expert witness who is acquainted with the standards of care in the same or a similar field as the defendant doctor").

[5] *Marsh v. Pemberton*, 347 P.2d 1108, 1110 (Utah 1959).

[6] Docket No. 10.

DATED this 22$^\text{d}$ day of August, 2011.

                                        BY THE COURT:

                                        _____
                                        Clark Waddoups
                                        United States District Judge